## KARRICK *v.* LANDON.

WILLS; DEEDS; MENTAL CAPACITY; EQUITY; REMEDY AT LAW.

1. A will and deed covering the same property may be set aside in equity, and an accounting ordered, upon the ground of the mental incapacity of the testator and grantor.

2. Beneficiaries in a will and deed executed in consideration of their undertaking to pay the testator and grantor a fixed sum monthly for life are entitled to be reimbursed for sums advanced to him during his life, when the instruments are set aside upon the ground of his mental incapacity, and no fraud or undue influence on their part is shown.

3. Equity furnishes the only complete remedy in the exceptional class of cases where the complex relief sought consists in setting aside a deed and will embracing the same property and the same parties, enjoining the beneficiaries from attempting to exercise any rights thereunder, and declaring them trustees for the benefit of those legally entitled to the estate, with a general order for accounting,—even though there is a statutory remedy such as is afforded by D. C. Code secs. 136 and 137 (31 Stat. at L. 1212, chap. 854), providing for the caveat or setting aside of the probate of a will.

No. 2555.   Submitted December 3, 1913.   Decided February 2, 1914.

HEARING on an appeal by the defendants from a decree of the Supreme Court of the District of Columbia holding an

equity term, adjudging certain instruments null and void, enjoining the defendants from asserting any rights under them, and declaring each of the defendants to be trustees for the legal heirs of a decedent.                    *Affirmed.*

The Court in the opinion stated the facts as follows:

Appellees, Sue M. Landon, Dwight Landon, Edward L. Landon, Nellie W. Landon, Jessie M. Landon, and Mary C. Landon, filed a bill in equity in the supreme court of the District of Columbia praying that a certain document purporting to be the last will and testament of one Lyman D. Landon, and also an agreement and deed between Landon and defendants Henrietta B. Karrick and Sealand W. Landon, be declared null and void, and that defendants be enjoined from asserting any rights under either of said instruments.

The bill avers that Lyman D. Landon, for a period of more than two years prior to his death, which occurred on February 9, 1910, was of unsound mind and was incapable of transacting business, and that defendants, "conspiring and confederating together, and by the use of undue influence and persuasion, induced and coerced the said Lyman D. Landon to enter into and execute" the will and agreement. Under the agreement, Landon transferred all of his property to defendants in consideration of the payment to him of $75 per month during his natural life. By the terms of the will he devised all of his estate to Henrietta B. Karrick and Sealand Landon in equal parts, and appointed James L. Karrick and Sealand Landon executors. The will was deposited with the register of wills of the District of Columbia on April 5, 1910, but no action was taken with reference to it.

In their answers, defendants admit the execution of the instruments; but deny that they were procured as the result of conspiracy or coercion or by the exercise of undue influence, and also deny that Landon was of unsound mind. The court below, upon reviewing the evidence, entered a decree adjudging the instruments null and void, and enjoining the defendants from

setting up the will or agreement, or any assignment, grant, transfer, or conveyance thereunder. The decree further adjudged each of defendants a trustee, for the legal heirs of Lyman D. London, of such portions of the estate formerly belonging to him "as may now be in the possession or in the control of each said defendant, and also in respect of the proceeds of any portion of the said estate as may heretofore have been disposed of by each such defendant respectively." As to these matters, the cause was referred to the auditor for report, the court retaining the cause for such further action as may seem proper upon the coming in of the report.

*Mr. Charles H. Merillat* and *Mr. William E. Ambrose* for the appellants.

*Mr. Henry E. Davis* and *Mr. Edward B. Kimball* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

We are of opinion, from a careful examination of the somewhat voluminous record, that, while the evidence is insufficient to support the allegations of the bill charging that defendant, through a conspiracy and by the exercise of undue influence, coerced Landon into executing the will and agreement, it does establish that, at the times in question, Landon was of unsound mind and mentally incapable of making a valid will or contract. With mental incompetency established, the court below properly entered a decree declaring the will and deed null and void, and providing for an accounting by defendants. In this view of the case, defendants, in the course of the settlement of the estate, should be reimbursed for the moneys advanced by them on behalf of Landon during his lifetime.

Equity furnishes the only complete remedy in the exceptional class of cases to which this belongs, where the complex relief sought consists in setting aside a deed and will embracing the same property and the same parties, enjoining the beneficiaries

from attempting to exercise any rights thereunder, and declaring them trustees for the benefit of those legally entitled to the estate, with a general order for an accounting. This is true, even though there be, as in this District, an adequate statutory remedy (D. C. Code secs. 136, 137 [31 Stat. at L. 1212, chap. 854]) providing for the caveat or setting aside of the probate of a will. *Sumner* v. *Staton,* 151 N. C. 198, 65 S. E. 902, 18 Ann. Cas. 802.

No other question of law suggesting itself, the issues of fact need not be reviewed, as they are pertinent to this case only, and, if detailed in this opinion, would be valueless for future reference.

The decree is affirmed, with costs.                    *Affirmed.*